[Sac. No. 4112. Department Two.—November 21, 1928.]

D. O. DeHAVEN, Appellant, v. ALFRED KUHN, Respondent.

James T. Matlock for Appellant.

McCoy & Wetter for Respondent.

RICHARDS, J.—In this action judgment was rendered and entered upon a directed verdict by a jury in defendant's favor. ▆ The action was one commenced by the plaintiff for the recovery of a sum of money alleged to be due from the defendant to the plaintiff as the result of a transaction for the sale and delivery by plaintiff to defendant of 3,903 sheep, for which it was alleged the defendant agreed to pay the sum of $25,821.75, of which sum, according to the averments of the complaint, no part had been paid except the sum of $2,000. Defendant's answer to the complaint denied that he owed the plaintiff any greater sum than $22,837.82 as a result of said transaction, which latter sum the defendant paid into court, and by agreement of the parties the same was delivered to the plaintiff, leaving the question of whether any further balance remained due to be determined upon the trial of the case. During the trial the plaintiff introduced in evidence the following written agreement:

"Corning, Cal., March 26, '27.
"I hereby agree to sell to Alfred Kuhn about 2200 ewes and their lambs at $6.37½ per head after shearing.
"$100.00 is hereby received on deposit.
"D. O. DeHaven."

The plaintiff further offered to prove that at the time of the delivery of the sheep referred to in said writing there were delivered 363 dry ewes, for which the defendant orally agreed to pay plaintiff at the rate of $9 per head. It is apparently conceded that the 363 dry ewes formed

a portion of the band of sheep which were delivered by the plaintiff to the defendant at the time of the plaintiff's performance of his aforesaid written agreement. It is the plaintiff's contention that because the written agreement for the sale of this band of sheep refers only to "2200 ewes and their lambs at $6.37½ per head," the said agreement does not include the dry ewes, which were delivered at the same time, and which he insists should have been paid for at the higher rate. The plaintiff's complaint as originally drawn appears to have reference to a single transaction between the parties for the purchase and sale of a band of 3,903 sheep, composed of 1,769 ewes with lambs, at the purchase price of $6.37½ per head, and 363 dry ewes, at $9 per head. Upon the trial plaintiff asked leave to amend the verbiage of his complaint on the face thereof so as to render the transaction one for the purchase and sale of 3,901 sheep, consisting of 1,769 ewes with lambs, at the price of $12.75 a pair, and 363 dry ewes, at $9 a head. The amendment being allowed, the plaintiff's counsel undertook to have the plaintiff testify to the details of an oral transaction, whereupon the defendant's counsel objected upon the ground the transaction was evidenced by a writing, which he produced, and which the plaintiff proceeded to offer in evidence. The writing having been thus offered and admitted, counsel for plaintiff undertook to show a contemporaneous oral understanding with relation to the 363 dry ewes, which he claimed were to be purchased at a different price per head than that stated in the written agreement, to which effort on his part objection was made that having counted upon a single transaction for the purchase and sale of said band of sheep, and such transaction having been shown to have been put in writing, and the plaintiff having introduced in evidence such writing, he was not to be permitted to vary its terms by oral evidence. After an extended colloquy between counsel and the court, from which the latter became satisfied that there was but one transaction between the parties and that the written agreement between them covered and related to the precise number of sheep which the plaintiff was to sell and deliver and which he actually did deliver to the defendant, the trial court refused to permit the plaintiff to show orally that the 363 dry ewes were not enumerated in and covered

by the written agreement between the parties to the transaction. It therefore directed the jury to return a verdict in the defendant's favor. We are unable to say in this state of the record that the trial court was in error in the interpretation which it thus gave to the agreement in writing between these parties for the sale and delivery of this band of sheep. If this view be correct, the trial court was not in error in directing a verdict in the defendant's favor, the evidence otherwise showing that the payment into court by the defendant was of an amount sufficient to fully satisfy the terms of the written agreement.

The judgment is affirmed.

Langdon, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.